IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGH C. HAPPEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 03cv0144 |
| ) | |
| ALLEGHENY MEDICAL PRACTICE ) | |
| NETWORK, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF COURT

Presently before for the Court for disposition are the following:

• PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE 2002 PERFORMANCE EVALUATIONS AND RATINGS CREATED BY MAUREEN SCANLON (*Document No. 63*), and the Defendant's Brief in Opposition (*Document No. 74*);

• PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS (sic) FROM INTRODUCING EVIDENCE OF AMOUNT OF UNEMPLOYMENT COMPENSATION BENEFITS (*Document No. 64*), to which Defendant has not responded; and

• DEFENDANT'S MOTION IN LIMINE (*Document No. 69*) and Plaintiff's response in opposition (*Document No. 80*).

The Motions will be addressed seriatim.

**MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE 2002 PERFORMANCE EVALUATIONS AND RATINGS CREATED BY MAUREEN SCANLON**

Plaintiff seeks to exclude evidence of the 2002 performance evaluations and ratings created by Maureen Scanlon because (i) "Defendant, . . ., did not include Scanlon's 2002

performance evaluation of the fourth Practice Director, the significantly younger comparator, on its final trial exhibit list," and (ii) "this evidence is not relevant to [Plaintiff's] age discrimination claim because Defendant did not use these evaluations when determining to terminate the employment of the Practice Directors . . . ."

At the time Plaintiff filed the instant Motion in Limine, Defendant had not included "the performance evaluation of the fourth Practice Director . . . on its final trial exhibit list." However, the Court notes that on November 21, 2005, Defendant filed a Supplement to its Exhibit List which added "Exhibit D44 - DeRubbo 2002 performance evaluation (Scanlon)." Accordingly, Defendant has now identified as trial exhibits the 2002 performance evaluations and ratings created by Maureen Scanlon of all four Practice Directors.

Additionally, based upon Defendant's response in opposition, the Court finds and rules that Scanlon's 2002 performance evaluations and ratings are relevant and, therefore, admissible. Defendant represents that while the 2002 Scanlon evaluations and ratings were not final, such evaluations and ratings were considered by Michael Busch, the purported decisionmaker. The jury would not have a complete picture of the evidence if the 2002 evaluations and ratings of Scanlon were not admitted.

Accordingly, Plaintiff's motion is **DENIED.**

### MOTION IN LIMINE TO PRECLUDE DEFENDANTS (sic) FROM INTRODUCING EVIDENCE OF AMOUNT OF UNEMPLOYMENT COMPENSATION BENEFITS

Plaintiff seeks to preclude Defendant from introducing evidence of the amount of unemployment compensation benefits received by Plaintiff after his employment was

terminated by Defendant. Plaintiff's motion is **GRANTED** without opposition by Defendant. The Court recognizes that unemployment compensation benefits are collateral source benefits and, therefore, not admissible to offset any damages Plaintiff may be awarded at trial. *Craig v. Y&Y Snacks, Inc.*, 721 F.2d 77, 82-83 (3d Cir. 1983); *Gelof v. Papineau,* 829 F.2d 452, 454-55 (3d Cir. 1987).

## DEFENDANT'S MOTION IN LIMINE

Defendant seeks to preclude Plaintiff from inquiring about any racial discrimination alleged charges or complaint made against Michael Busch. Plaintiff responds that he does not intend to introduce such evidence, but that he "may seek to introduce evidence of the conversation he had with Busch wherein Busch requested Happel fire [Laverne] Sanders."

Defendant's request is **GRANTED** as the Court finds and rules that such racial discrimination alleged charges or complaint made against Michael Busch is not relevant.

As to Plaintiff's request to seek to introduce evidence of the conversation between Plaintiff and Busch, the Court is without sufficient information to make a decision pretrial on whether this information is admissible. Accordingly, at this time, the Court will deny without prejudice Plaintiff's request to introduce evidence of the conversation he had with Busch wherein Busch allegedly requested Happel to fire Laverne Sanders.

So **ORDERED** this 23rd day of November, 2005.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Colleen Ramage Johnston, Esquire
Rothman Gordon, P.C.
Email: crjohnston@rothmangordon.com

David R. Johnson, Esquire
Thomson, Rhodes & Cowie
Email: drj@trc-law.com